David Axelrod, OSB #75023
Regina Hauser, OSB 85409
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981
Fax:  (503) 796-2900
E-mail: daxelrod@schwabe.com
E-mail: rhauser@schwabe.com

Harold A. Barza, Cal. Bar No. 80888
Steven M. Anderson, Cal. Bar No. 144014
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone (213) 624-7707
Fax (213) 624-0643
E-mail: hab@quinnemanuel.com
E-mail: sma@quinnemanuel.com

**ORIGINAL**

Attorneys for Plaintiffs
Seiko Epson Corporation, Epson America, Inc.,
and Epson Portland, Inc.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF  OREGON

| | |
|---|---|
| **SEIKO EPSON CORPORATION**, a Japan corporation; **EPSON AMERICA, INC.**, a California corporation; and **EPSON PORTLAND, INC.**, an Oregon corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **PRINT-RITE HOLDINGS, LTD.**, a China corporation; **MULTI-UNION TRADING CO., LTD.**, a China corporation; **PRINT-RITE MANAGEMENT SERVICES CO.**, a China corporation; and **DYNAMIC PRINT USA, INC.**, a California corporation; and DOES 1-10, <br><br> Defendants. | No.  **CV '01 - 500   BR** <br><br> COMPLAINT FOR: <br><br> (1) PATENT INFRINGEMENT OF UTILITY PATENTS <br><br> (2) PATENT INFRINGEMENT OF DESIGN PATENTS <br><br><br> DEMAND FOR JURY TRIAL |

PAGE 1 - COMPLAINT FOR PATENT INFRINGEMENT

#436777

Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland, Inc. for their Complaint herein, allege as follows:

## NATURE OF THE CASE

1.    Plaintiffs bring this action seeking injunctive relief and damages relating to Defendants' manufacture, use, importation, sale, and offer for sale of ink cartridges that are intended for use with Epson ink jet dot matrix printers. Defendants' cartridges infringe numerous United States patents held by Epson.

## THE PARTIES

2.    Plaintiff Seiko Epson Corporation ("Seiko Epson") is a corporation organized and existing under the laws of Japan. Its principal place of business is located at 3-3-5, Owa 3-Chome, Suwa-shi, Nagano-Ken, 392-8502, Japan.

3.    Plaintiff Epson America, Inc. ("Epson America") is a corporation organized and existing under the laws of the State of California. Its principal place of business is located at 3840 Kilroy Airport Way, Long Beach, California 90806. Epson America is a subsidiary of Seiko Epson.

4.    Plaintiff Epson Portland, Inc. ("Epson Portland") is a corporation organized and existing under the laws of the State of Oregon. Its principal place of business is located at 3950 NW Aloclek Place, Hillsboro, Oregon 97124. Epson Portland is a subsidiary of Seiko Epson. (Seiko Epson, Epson America, and Epson Portland are sometimes referred to collectively herein as "Epson" or "Plaintiffs.").

5.    Upon information and belief, Defendant Print-Rite Holdings Company, Ltd.

PAGE 2 - COMPLAINT FOR PATENT INFRINGEMENT

("Print-Rite Holdings") is a corporation organized and existing under the laws of China, with its principal place of business located at Flat E, 2/F, Gee Tung Chang Industrial Building, 4 Fung Yip Street, Chai Wan, Hong Kong, People's Republic of China.

6.    Upon information and belief, Defendant Multi-Union Trading Company, Ltd. ("Multi-Union") is a corporation organized and existing under the laws of China, with its principal place of business located at Flat E, 2/F, Gee Tung Chang Industrial Building, 4 Fung Yip Street, Chai Wan, Hong Kong, People's Republic of China.

7.    Upon information and belief, Defendant Print-Rite Management Services Company, Ltd. ("Print-Rite Management") is a corporation organized and existing under the laws of China, with its principal place of business located at Flat E, 2/F, Gee Tung Chang Industrial Building, 4 Fung Yip Street, Chai Wan, Hong Kong, People's Republic of China.

8.    Upon information and belief, Defendant Dynamic Print USA, Inc. ("Dynamic Print") is a corporation organized and existing under the laws of California, with its principal place of business located at 111 East Alma Avenue, San Jose, California 95112.  (Print-Rite Holdings, Multi-Union, Print-Rite Management and Dynamic Print are sometimes referred to collectively herein as "Print-Rite" or "Defendants.").

9.    Epson is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive, or any of them, and therefore sues these Defendants, and each of them, by such fictitious names.  Epson will seek leave of Court to amend this Complaint when the identities of these Defendants are ascertained.

10.    Upon information and belief, Defendants are a group of affiliated corporations with common ownership and control; at all relevant times mentioned in this Complaint, Defendants, and

PAGE 3 - COMPLAINT FOR PATENT INFRINGEMENT

each of them, were the agents of each other, and in doing the things alleged herein, each was acting within the scope and course of its agency and authority and was subject to and under the supervision of its co-Defendants as co-conspirators.

## JURISDICTION AND VENUE

11.    This action arises under the patent laws of the United States, 35 U.S.C. § 271.  This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Defendants have committed acts of infringement in this judicial district; Defendants reside in this judicial district; and Defendants Print-Rite Holdings, Multi-Union, and Print-Rite Management are alien corporations.

## FACTUAL BACKGROUND

### Epson's Business

13.    Seiko Epson is a world leader in the development and production of high technology products.  It created the world's first mini-printer in 1968; the world's first analog quartz watch in 1969; the world's first LCD-equipped digital quartz watch in 1973; the world's first hand-held computer in 1982; and the world's first notebook computer in 1989.  Its products are used by private individuals, by large and small corporations, and by government agencies.

14.    Epson America is a subsidiary of Seiko Epson.  It is responsible for sales, marketing, and customer service for Epson products throughout North America, Central America, and South America.

PAGE 4 - COMPLAINT FOR PATENT INFRINGEMENT

15.    Epson Portland is the United States based manufacturing subsidiary of Seiko Epson. As such, Epson Portland manufactures Epson ink cartridges, as well as produces other products such as circuit boards and proprietary plastic parts.  Since its founding in 1985, for example, Epson Portland has manufactured over thirteen million printers for business and personal use by consumers in retail, government, and commercial markets.  Epson Portland's Epson products are distributed in the Americas through the sales and marketing facilities of Epson America.

16.    One of the product markets in which Seiko Epson has been a pioneer is the market for high quality printers and printer products for use with personal computers.  Seiko Epson has invested millions of dollars and thousands of hours to research and develop such products.

17.    As a result of its efforts, Seiko Epson has developed a line of ink jet dot matrix printers, for both black and white and full color printing, that are recognized throughout the world. Indeed, the quality of these printers is so well recognized that one model -- the Epson Stylus Color 800 printer -- has been used on the Space Shuttle Discovery.

18.    For the printers to function, ink must be supplied to the printer for ejection onto the material being printed upon.  To achieve this, Epson has developed ink cartridges for use with its printer products.

19.    Epson has been a pioneer in the development of ink cartridges.  As a result of its extensive research and development in this field, Seiko Epson has obtained numerous patents covering many of the features of its ink cartridges.

20.    For example, on October 20, 1992, United States Patent No. 5,156,470 (the "'470 patent") was duly and legally issued to Seiko Epson; on October 20, 1992, United States Patent No. 5,156,472 (the "'472 patent") was duly and legally issued to Seiko Epson; on October 20,

PAGE 5 - COMPLAINT FOR PATENT INFRINGEMENT

1992, United States Patent No. 5,156,473 (the "'473 patent") was duly and legally issued to Seiko Epson; on October 27, 1992, United States Patent No. 5,158,377 (the "'377 patent") was duly and legally issued to Seiko Epson; on June 22, 1993, United States Patent No. 5,221,148 (the "'148 patent") was duly and legally issued to Seiko Epson; on June 6, 1995, United States Patent No. 5,421,658 (the "'658 patent) was duly and legally issued to Seiko Epson; on January 30, 1996, United States Patent No. 5,488,401 (the "'401 patent") was duly and legally issued to Seiko Epson; on October 1, 1996, United States Patent No. 5,560,720 (the "'720 patent") was duly and legally issued to Seiko Epson; on March 4, 1997, United States Patent No. 5,607,242 (the "'242 patent") was duly and legally issued to Seiko Epson; on April 1, 1997, United States Patent No. 5,615,957 (the "'957 patent") was duly and legally issued to Seiko Epson; on April 22, 1997, United States Patent No. 5,622,439 (the "'439 patent") was duly and legally issued to Seiko Epson; on August 12, 1997, United States Patent No. 5,657,058 (the "'058 patent") was duly and legally issued to Seiko Epson; on August 4, 1998, United States Patent No. 5,790,158 (the "'158 patent") was duly and legally issued to Seiko Epson; on April 4, 2000, United States Patent No. 6,045,207 (the "'207 patent") was duly and legally issued to Seiko Epson; and on January 23, 2001, United States Patent No. 6,176,629 (the "'629 patent") was duly and legally issued to Seiko Epson.   The '470, '472, '473, '377, '148, '658, '401, '720, '242, '957, '439, '058, '158, '207, and '629 patents (collectively, the "Epson Utility Patents") all relate generally to ink cartridges for printers.

21.    In addition, on October 4, 1994, United States Design Patent No. Des. 351,190 (the "'190 patent" or the "'190 design patent") was duly and legally issued to Seiko Epson; on April 30, 1996, United States Patent No. Des. 369,383 (the "'383 patent" or the "'383 design

patent") was duly and legally issued to Seiko Epson; on April 8, 1997, United States Patent No. Des. 378,760 (the "'760 patent" or the "'760 design patent") was duly and legally issued to Seiko Epson; on July 15, 1997, United States Patent No. Des. 381,039 (the "'039 patent" or the "'039 design patent") was duly and legally issued to Seiko Epson; on August 12, 1997, United States Patent No. Des. 382,296 (the "'296 patent" or the "'296 design patent") was duly and legally issued to Seiko Epson; on December 16, 1997, United States Patent No. Des. 387,801 (the "'801 patent" or the "'801 design patent") was duly and legally issued to Seiko Epson; on January 13, 1998, United States Patent No. Des. 389,180 (the "'180 patent" or the "'180 design patent") was duly and legally issued to Seiko Epson; on February 3, 1998, United States Patent No. Des. 390,261 (the "'261 patent" or the "'261 design patent") was duly and legally issued to Seiko Epson; on February 10, 1998, United States Patent No. Des. 390,598 (the "'598 patent" or the "'598 design patent") was duly and legally issued to Seiko Epson; on August 18, 1998, United States Patent No. Des. 397,143 (the "'143 patent" or the "'143 design patent") was duly and legally issued to Seiko Epson; on May 16, 2000, United States Patent No. Des. 425,112 (the "'112 patent" or the "'112 design patent") was duly and legally issued to Seiko Epson; on May 23, 2000, United States Patent No. Des. 425,285 (the "'285 patent" or the "'285 design patent") was duly and legally issued to Seiko Epson; and on June 27, 2000, United States Patent No. Des. 427,236 (the "'236 patent" or the "'236 design patent") was duly and legally issued to Seiko Epson  The '190, '383, '760, '039, '296, '801, '180, '261, '598, '143, '112, '285, and '236 design patents (collectively, the "Epson Design Patents") all relate generally to ornamental designs for ink cartridges for printers.  (The Epson Utility Patents and the Epson Design Patents are collectively referred to as the "Epson Patents.").

22.    Epson is able to achieve technological and design advances and obtain patents for its work because of its large investment in research and development.  Epson devotes millions of dollars every year to developing new technologies and improving its products to serve its customers better.  Epson would not be able to devote the financial and human resources necessary for such research and development without the protections afforded inventors and their products under United States patent law.

23.    As the North American sales, marketing, and customer service subsidiary of Seiko Epson, Epson America is the exclusive licensee of the Epson Patents for distributing in the United States Epson ink cartridges that are covered by the Epson Patents.

24.    Epson Portland maintains an exclusive manufacturing license under the Epson Patents for certain Epson ink cartridges in the United States.

25.    Epson produces and sells ink cartridges utilizing Epson's patented technology and designs in the United States and in this judicial district.


Summary of Epson's Patented Ink Cartridges

26.    Epson's ink cartridges provide Epson with important advantages over Epson's competitors. The ink cartridges are replaceable and designed to be mounted on and removed from a printer by the user.  When mounted on a printer, a hollow ink supply needle that protrudes from the printer lies in an inserted position in the ink supply port of the cartridge.  Ink flows from the cartridge through this hollow ink supply needle to the print head of the printer.  The ink supply port of the cartridge contains a "packing member," which can be, for example, a rubber O-ring, that resiliently abuts against the periphery of the ink supply needle to prevent ink from seeping out of the

PAGE 8 - COMPLAINT FOR PATENT INFRINGEMENT

cartridge into the printer and to ensure that ink flows out only through the ink supply needle during printing. The ink cartridges also contain a sealing film over the outside of the ink supply port of the cartridge that seals the cartridge and is penetrated by the ink supply needle of the Epson printer when the cartridge is mounted on the printer. When a cartridge runs out of ink, the user can detach the cartridge from the Epson printer and replace it with a new cartridge inexpensively and cleanly, without the need to replace the print head of the printer as with other brands of ink jet printers.

27.    Each Epson cartridge includes at least one ink supply tank that houses at least one porous, sponge-like, ink absorbing member that substantially fills the tank or a section of the tank (depending on the type of cartridge) in which the porous member is contained. The ink absorbing member is impregnated with ink under a pressure that is sufficiently low to substantially eliminate air bubbles within the ink absorbing member (which can adversely affect operation of the printer), and carries substantially all of the ink that the ink supply tank (or section of the tank) is designed to hold. The ink absorbing member is compressed in the area facing the opening of the ink supply port of the cartridge inside the ink supply tank (or section of the tank) to aid in the creation of the capillary action that (at least in part) causes ink to flow through the ink absorbing member and out the ink supply port.

28.    The wall of the ink supply tank that forms the cover of the tank includes projections on its inside surface that create a space between the ink tank cover and the ink absorbing member and further includes an air hole to provide ambient air from outside the tank to the space. This construction allows air pressure in the ink tank to be equalized with the ambient air pressure to prevent such pressure from causing an undesired outflow of ink from the tank. In addition, the cover of the tank bears on the ink absorbing member to apply a compressive force to it.

PAGE 9 - COMPLAINT FOR PATENT INFRINGEMENT

29.     Epson printers that are designed for color printing use (for the most part) two separate ink cartridges at the same time, with one cartridge containing black ink and the other cartridge containing three or more color inks such as cyan, magenta and yellow.  (The printer combines dots of these colors in various ways to form various other colors in printing a color image.).  The ink supply tank for the color ink cartridge contains three or more divided sections, or tanks, with each section/tank containing an ink absorbing member that substantially fills the section/tank and is impregnated with ink of one of the colors of the cartridge.  This two-tank cartridge system allows the black ink cartridge, which is generally more heavily used, to be replaced on the printer without the need to also replace the color ink cartridge (and vice-versa).

<u>Defendants' Unlawful Conduct</u>

30.     On information and belief, Defendants are engaged, both separately and in conjunction and with the assistance of each other Defendant, in the manufacture, importation, distribution, and sale of various types of office supply equipment, including ink cartridges for use with Epson printers, throughout the United States and in this judicial district.  Defendants market their ink cartridges through certain retailers and distributors and on the Internet.

31.     Defendants are not innovators.  Instead, they wrongfully copy Epson's patented cartridges, including the patented features described in connection with Epson's cartridges above, as well as other patented features.  Moreover, although Epson is not yet privy to Defendants' method for impregnating the ink absorbing members contained in their cartridges with ink (as this information can only be obtained from Defendants in discovery), Epson is informed and believes (based on the current state of the art and other information about Defendants and their

PAGE 10 - COMPLAINT FOR PATENT INFRINGEMENT

products) that Defendants are impregnating their ink absorbing members with ink under

sufficiently low pressure as claimed by Epson.

32.     Accordingly, many of the ink cartridges for use with Epson printers that

Defendants manufacture, import, distribute, sell, and offer to sell (as well as their methods of use

and manufacture) are covered by numerous claims of the Epson Patents.  These infringing ink

cartridges include, without limitation, Print-Rite Order Code Nos. IFE 001B (for Epson Stylus

800/800+/1000 printers); IFE 002B (for Epson Stylus Color/Pro XL printers); IFE 0033 (for

Epson Stylus Color/Pro XL printers); IFE 007B (for Epson Stylus Color II/Color IIS/200/820

printers); IFE 0083 (for Epson Stylus Color II/Color IIS 820 printers); IFE 013B (for Epson

Stylus Color 400/500/600/Photo printers); IFE 0143 (for Epson Stylus Color 500/200 printers);

IFE 101B (for Epson Stylus Color 800/850/1520 printers); IFE 1023 (for Epson Stylus Color

400/600/800/850/1520 printers); IFE 1003 (for Epson Stylus Photo/PM 700C printers); IFE 1044

(for Epson Stylus Color 300 printers); IFE 106B (for Epson Stylus Color 440/640 printers); IFE

107B (for Epson Stylus Color 740 printers); IFE 1083 (for Epson Stylus Color 440/640/740

printers); IFE 1093 (for Epson Stylus Photo 750 printers); IFE 112B (for Epson Stylus Color 900

printers); IFE 1133 (for Epson Stylus Color 900 printers); IFE 1143 (for Epson Stylus Color

1200 printers); IFE 136B (for Epson Stylus Color 480 printers); and IFE 1373 (for Epson Stylus

Color 480 printers).

33.     Defendants are not licensed or otherwise authorized to make, use, import, sell, or

offer to sell any ink cartridge or method claimed in the Epson Patents, and Defendants' conduct is,

in every instance, without Epson's consent.

34.     As a result of Defendants' conduct, Epson has suffered harm that is severe and

PAGE 11 - COMPLAINT FOR PATENT INFRINGEMENT

irreparable, and Epson lacks an adequate remedy at law for this harm.  Unless restrained and

enjoined by this Court, Defendants will continue their conduct, thereby causing Epson further

irreparable harm.

FIRST CLAIM FOR RELIEF

(Infringement of the '470, '472, '473, '377, '148, '658, '401, '720, '242,

'957, '439, '058, '158, '207, and '629 Utility Patents--35 U.S.C. § 271)

35.    Epson incorporates by reference each and every allegation contained in Paragraphs

1 through 34 as though fully set forth at length.

36.    Epson owns all right, title, and interest in and to the Epson Utility Patents, including

the right to sue thereon and the right to recover for infringement thereof.

37.    On information and belief, Defendants have infringed and are infringing the Epson

Utility Patents by making, using, importing, selling, and offering to sell the inventions defined by

numerous claims of each of these patents.

38.    On information and belief, Defendants are aiding and abetting and actively inducing

infringement of the Epson Utility Patents by each other Defendant and by non-parties.

39.    By reason of Defendants' infringing activities, Epson has suffered, and will continue

to suffer, substantial damages in an amount to be proven at trial.

40.    Defendants' acts complained of herein have damaged and will continue to damage

Epson irreparably.  Epson has no adequate remedy at law for these wrongs and injuries.  Epson is

therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendants

from infringing the claims of the Epson Utility Patents.

41.    Upon information and belief, Defendants' infringement has been and continues to be

PAGE 12 - COMPLAINT FOR PATENT INFRINGEMENT

willful.

## SECOND CLAIM FOR RELIEF

(Infringement of the '190, '383, 760, '039, '296, '801,

'180, '261, '598, '143, '112, '285, and '236  Design Patents--35 U.S.C. § 271)

42.    Epson incorporates by reference each and every allegation contained in Paragraphs 1 through 41 as though fully set forth at length.

43.    Epson owns all right, title, and interest in and to the Epson Design Patents, including the right to sue thereon and the right to recover for infringement thereof.

44.    On information and belief, Defendants have infringed and are infringing the Epson Design Patents by making, using, importing, selling, and offering to sell ink cartridges described and claimed in each of these patents.

45.    On information and belief, Defendants are aiding and abetting and actively inducing infringement of the Epson Design Patents by each other Defendant and by non-parties.

46.    By reason of Defendants' infringing activities, Epson has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial.

47.    Defendants' acts complained of herein have damaged and will continue to damage Epson irreparably.  Epson has no adequate remedy at law for these wrongs and injuries.  Epson is therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendants from infringing the claims of the Epson Design Patents.

48.    Upon information and belief, Defendants' infringement has been and continues to be willful.

PAGE 13 - COMPLAINT FOR PATENT INFRINGEMENT

### PRAYER FOR RELIEF

WHEREFORE, Epson prays judgment against Defendants as follows:

A.    That the Epson Patents are valid and enforceable;

B.    That Defendants have infringed and are infringing the Epson Patents; and that such infringement is willful;

C.    That Defendants and their subsidiaries, affiliates, parents, successors, assigns, officers, agents, representatives, servants, and employees, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from continued infringement of the Epson Patents;

D.    That Defendants be ordered to pay Epson its damages caused by Defendants' infringement of the Epson Patents and that such damages be trebled, together with interest thereon;

E.    That Defendants be ordered to pay Epson the total profits received by Defendants from the sale of products infringing the Epson Design Patents;

F.    That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Epson be awarded its reasonable attorneys' fees and costs; and

PAGE 14 - COMPLAINT FOR PATENT INFRINGEMENT

G.     That Epson have such other and further relief as the Court deems just and proper.

DATED:  April 10, 2001

> QUINN EMANUEL URQUHART OLIVER &
> HEDGES, LLP
>
> SCHWABE, WILLIAMSON & WYATT, P.C.
>
> By
> David W. Axelrod, OSB 75023
> Regina Hauser, OSB 85409
> Attorneys for Plaintiffs
> Seiko  Epson  Corporation,  Epson  America,
> Inc., and Epson Portland, Inc.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial of all issues by jury.

DATED:  April 10, 2001

> QUINN EMANUEL URQUHART OLIVER &
> HEDGES, LLP
>
> SCHWABE, WILLIAMSON & WYATT, P.C.
>
> By
> David W. Axelrod, OSB 75023
> Regina Hauser, OSB 85409
> Attorneys for Plaintiffs
> Seiko  Epson  Corporation  Epson  America,
> Inc., and Epson Portland, Inc.

PAGE 15 - COMPLAINT FOR PATENT INFRINGEMENT