IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SEIKO EPSON CORPORATION; EPSON AMERICA, INC.; EPSON PORTLAND, INC., | CV 01-500-BR |
| | OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| PRINT-RITE HOLDINGS, LTD.; MULTI-UNION TRADING CO., LTD.; PRINT-RITE MANAGEMENT SERVICES CO.; DYNAMIC PRINT USA, INC.; AND DOES 1-10, | |
| Defendants. | |

**DAVID AXELROD**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Ave.
Portland, OR  97204-3795
(503) 222-9981

1 - OPINION and ORDER

**HAROLD A. BARZA**
**STEVEN M. ANDERSON**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017-2543
(213) 624-7707

>	Attorneys for Plaintiffs Seiko Epson Corporation; Epson America, Inc.; and Epson Portland, Inc.

**RANDOLPH C. FOSTER**
**STEVEN T. LOVETT**
Stoel Rives, LLP
Standard Insurance Center
900 S.W. Fifth Ave., Suite 2600
Portland, OR  97204
(503) 294-9364

**SCOTT D. BAKER**
**MORGAN W TOVEY**
**DOYLE B. JOHNSON**
**CHRISTINE M. MORGAN**
Reed Smith Crosby Heafey, LLP
Two Embarcadero Center
San Francisco, CA  94120-7936
(415) 543-8700

>	Attorneys for Defendants Multi-Union Trading Co., Ltd., and Dynamic Print USA, Inc.

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#458) that Plaintiff Epson Portland, Inc. (EPI), lacks standing to join as a co-plaintiff in this action. For the reasons that follow, the Court **DENIES** Defendants' Motion.

## PROCEDURAL BACKGROUND

Plaintiffs filed this action on April 10, 2001, alleging

Defendants sold 26 models of ink cartridges that infringe 15 utility and 13 design patents issued to Seiko Epson Corporation (SEC). Plaintiffs seek damages in the form of lost profits and royalties that Plaintiffs would have earned but for Defendants' sale of the infringing ink cartridges.

On March 3, 2005, the Court entered summary judgment in favor of Plaintiffs on their claims that Defendants infringed Claim 83 of Utility Patent '377 and Claims 18 and 32 of Utility Patent '439 pertaining to ink cartridges. Defendants now move for summary judgment that EPI lacks standing to join in this action as a co-Plaintiff.

## FACTUAL BACKGROUND

The following facts relevant to Defendants' Motion are not disputed:

SEC is the owner of the patents for the ink cartridges involved in this action. In 1996, SEC entered into a Manufacturing Agreement with EPI in which SEC granted EPI a nonexclusive license to manufacture the patented ink cartridges and related products to SEC in the United States. On March 29, 2001, SEC and EPI agreed to an Amendment to Manufacturing Agreement in which SEC granted EPI an "exclusive license to manufacture [the patented ink cartridges]" in the United States.

Defendants sell but do not manufacture the allegedly

3 - OPINION and ORDER

infringing ink cartridges.

## STANDARDS

1. **Summary Judgment.**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation

omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

**2.　Standing.**

　　a.　Article III Standing.

To establish Article III standing,

> the plaintiff 'must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized' and (b) 'actual or imminent, not conjectural or hypothetical.' Second, 'there must be a causal connection between the injury and the conduct complained of-the injury has to be 'fairly . . . trace [able] to the challenged action of the defendant and not . . . th[e] result [of] the independent action of some third party not before the court.' Third, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1346 (Fed. Cir. 2001)(internal citation omitted).

　　b.　Standing in Patent Cases.

"Generally, one seeking money damages for patent infringement must have held legal title to the patent at the time of the infringement." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56

F.3d 1538, 1551 (Fed. Cir. 1995).  "Any other party [co-plaintiff] seeking enforcement of the patent can sue, if at all, only with the patentee or in the name of the patentee.  'Any rights of the licensee must be enforced through or in the name of the owner of the patent' and 'never in the name of the licensee alone, unless that is necessary to prevent an absolute failure of justice.'"  *Ortho Pharmaceutical Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995)(internal citations omitted).  The court also stated:

> [E]conomic injury alone does not provide standing to sue under the patent statute.  To have co-plaintiff standing in an infringement suit, a licensee must hold some of the proprietary sticks from the bundle of patent rights, albeit a lesser share of rights in the patent than for an assignment and standing to sue alone.
>
> The proprietary rights granted by any patent are the rights to exclude others from making, using or selling the invention in the United States.
>
> \* \* \*
>
> [T]he license makes the licensee a beneficial owner of some identifiable part of the patentee's bundle of rights to exclude others.  Thus, a licensee with proprietary rights in the patent is generally called an "exclusive" licensee.  But it is the licensee's beneficial ownership of a right to prevent others from making, using or selling the patented technology that provides the foundation for co-plaintiff standing, not simply that the word "exclusive" may or may not appear in the license.

52 F.3d at 1031-32 (citations omitted).  Accordingly, the "key

question for determining standing of a licensee is whether the licensee has an exclusive property interest in the patent itself." *A.L. Smith Iron Co. v. Dickson,* 141 F.2d 3, 6 (2d Cir. 1994).

## DISCUSSION

Defendants assert "for purposes of the standing inquiry, it is not enough that the licensee is granted exclusivity as to one or more of the proprietary rights transferred by the patentee. It is also necessary that the alleged infringement occur within the licensee's 'stated area of exclusivity.'" *See Amgen, Inc. v. Chugai Pharmaceutical Co., Ltd.,* 808 F. Supp 894, 901 (D. Mass. 1992)(the infringement must occur in the licensee's stated area of exclusivity). Defendants argue such is not the case here because EPI's "area of exclusivity" is in the manufacture of SEC's ink cartridges whereas Defendants allegedly could be liable only for selling infringing ink cartridges.

EPI asserts Defendants have misconstrued *Amgen.* The Court agrees. The *Amgen* court, quoting *Independent Wireless Telegraph Co. v. Radio Corp. of America*, 269 U.S. 459, 470 (1926), explained its holding as follows:

> "It seems clear . . . that the owner of a
> patent who grants to another the exclusive
> right to make, use, or vend the invention,
> . . . must allow the use of his name as plaintiff in
> any action brought at the instance of the licensee in

7 - OPINION and ORDER

>      law or in equity to obtain damages *for the injury to
>      his exclusive right by an infringer*"[.]

*Id.* at 901 (emphasis in original). The Court concludes *Amgen* stands for the proposition that an exclusive licensee with proprietary rights to manufacture a patented product has standing to challenge a patent infringement either with or in the name of the patentee if the infringement injures the exclusive licensee's proprietary interest in the product regardless whether the infringement is in the manufacture, sale, or use of the patented product.

Defendants also contend even if EPI's exclusive license would otherwise give it standing to join in this action, EPI "seeks no recovery of any damages" and, therefore, has not asserted the requisite injury to its proprietary interest in the exclusive license sufficient to establish standing. The Court disagrees.

Plaintiffs, including EPI, allege they lost profits as a result of Defendants' infringement. Plaintiffs' expert has calculated the lost profits as a whole but has not broken them out between manufacturing and selling profits. EPI further asserts it "has suffered damages in the form of reduced demand for its manufactured products and lost sales as the result of Defendants' infringement.

On this record, the Court concludes EPI has established it

has standing to join in this action as co-Plaintiff with SEC.

**CONCLUSION**

For these reasons, the Court **DENIES** Defendants' Motion for Summary Judgment (#458) that Plaintiff Epson Portland, Inc., lacks standing to join as a co-Plaintiff in this action.

IT IS SO ORDERED.

DATED this 23rd day of May, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

SeikoCV01-500-MSJ-Standing-5-23-05.wpd